1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 9  MAXIMO BERREONDO, | CASE NO. 1:11-CV-00432-LJO-DLB PC |
| 10            Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF |
| 11    v. | CERTAIN CLAIMS AND DEFENDANTS |
| 12  JONATHAN AKANNO, et al., | (DOCS. 10, 14, 15) |
| 13            Defendants. | OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |
| 14 _____/ | |

15
16                    **FINDINGS AND RECOMMENDATIONS**

17  **I.     BACKGROUND**

18          Plaintiff Maximo Berreondo ("Plaintiff") is a prisoner in the custody of the California

19  Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in

20  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his

21  complaint on March 14, 2011.  Plantiff filed his first amended complaint on June 30, 2011.  On

22  October 4, 2011, the Court screened Plaintiff's first amended complaint and found that it stated a

23  cognizable claim against Defendant Akanno for deliberate indifference in violation of the Eighth

24  Amendment, and no other claims.  Doc. 14.  Plaintiff was provided the opportunity to file a

25  second amended complaint curing the deficiencies identified, or to notify the Court of his

26  willingness to proceed only on the cognizable claim.  On October 18, 2011, Plaintiff notified the

27  Court of his willingness to proceed only against Defendant Akanno.  The Court thus issues the

28  following Findings and Recommendations.

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not.  *Id.*

**III.     SUMMARY OF COMPLAINT**

Plaintiff, a paraplegic individual who is currently incarcerated at Kern Valley State Prison ("KVSP") in Delano, California, brings this action for adverse conditions of confinement, deliberate indifference to serious medical needs, law library access, visiting privileges, court access and violations of the Americans with Disabilities Act.  The events at issue occurred between November 2009 and the filing of the complaint.

In his complaint, Plaintiff alleges as follows:  On October 30, 2009, Plaintiff was transferred from Corcoran State Prison's Acute Care Hospital to a wheelchair cell in the general population at KVSP.  Within two days of his arrival, Plaintiff began to show signs of skin breakdown on his right hip.  He immediately informed a nurse.  On November 4, 2009, Plaintiff saw Defendant Dr. Akanno, who refused to look at the affected area.  Plaintiff's condition began to worsen and he continued to file medical slips.  Dr. Akanno would see Plaintiff, but refuse to

2

1  examine him.  Plaintiff developed three pressure sores, one on each hip and one on the tailbone

2  area.  His sores became infected.

3      On April 30, 2010, Plaintiff was examined by Dr. Sweffler from Sacramento and moved

4  to KVSP's Correctional Treatment Center on May 1, 2010.  Plaintiff's condition deteriorated and

5  on June 12, 2010, he began to suffer from chills, high fevers and severe muscle and joint pain.

6  On June 22, 2010, Plaintiff was admitted to Mercy Hospital for severe bone and wound

7  infections.  For the next three months, Plaintiff underwent surgeries to remove necrotic and

8  infected tissue.  On July 4, 2010, Plaintiff suffered from massive blood loss from his left hip.  On

9  September 23, 2010, Plaintiff was discharged from Mercy Hospital to the KVSP's Correctional

10  Treatment Center to continue treatment of his pressure sores.  On  December 9, 2010, Plaintiff

11  was readmitted to Mercy Hospital with chills, high fevers, rapid heart rate and muscle and joint

12  pain.  On February 17, 2011, Plaintiff was discharged from Mercy Hospital to KVSP's

13  Correctional Treatment Center.  He remains bedridden and connected to a wound VAC, which is

14  treating his open and infected pressure sores.

15      Plaintiff contends that Dr. Akanno failed to provide him adequate medical care and was

16  deliberately indifferent to his medical needs.  Plaintiff also claims that he filed multiple

17  complaints, which were deliberately ignored by Defendant Sherry Lopez, Chief Medical Officer

18  at KVSP.

19      Plaintiff alleges that other denials contributed to his pressure sores and severe infections.

20  Plaintiff alleges that while at KVSP, Dr. Akanno denied him a proper mattress and daily

21  showers.  Plaintiff further alleges that he was deprived of outside yard time due to prolonged

22  lockdowns and could not perform range of motion exercises to prevent muscle atrophy.  Plaintiff

23  alleges that he either was denied showers or was exposed to dirty water in backed-up showers.

24  He was unable to properly clean himself after unintended bowel movements or condom catheter

25  leaks, which resulted in irritation and infection.  On more than one occasion, he fell onto the dirty

26  floor in the shower, exposing his wound to germs and bacteria.   Plaintiff alleges that while at

27  KVSP, he was exposed to extreme temperatures, dust in the ventilation system, arsenic in the

28  water and poor nutrition.

### _Court and Law Library Access_

Plaintiff alleges that he is currently being denied access to the law library, to persons learned in law and to the court.

### _Visiting Privileges_

Plaintiff alleges that while hospitalized he was denied the right to communicate with his family through correspondence, phone calls and/or visits.

### _Plaintiff's Request for Relief_

Plaintiff requests money damages and injunctive relief.

## IV.   PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." _Sweaney v. Ada County, Idaho_, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted). "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." _Id._

### 1.   **Deficiencies of the Complaint**

#### A.   **Rule 8(a)**

Under federal pleading requirements, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," _Iqbal_, 129 S.Ct. at 1949 (citing _Twombly_, 550 U.S. at 555), and courts "are not required to indulge unwarranted inferences," _Doe I v. Wal-Mart Stores, Inc._, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Factual allegations are accepted as true but legal conclusions are not, and Plaintiff is required to present factual allegations sufficient to state a plausible claim for

4

1  relief. *Iqbal*, 129 S.Ct at 1949-50; *Moss. v. United States Secret Service*, 572 F.3d 962, 969 (9th

2  Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.

3  *Id.*

### B.      Eleventh Amendment Immunity

5          Plaintiff names Kern Valley State Prison as a defendant.  Plaintiff may not sustain an

6  action against a state prison.  The Eleventh Amendment prohibits federal courts from hearing

7  suits brought against an unconsenting state.  *Brooks v. Sulphur Springs Valley Elec. Co-op.*, 951

8  F.2d 1050, 1053 (9th Cir.1991) (citation omitted); *Seminole Tribe of Fla. v. Florida*, 517 U.S.

9  44, 54 (1996); *Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144

10  (1993); *Austin v. State Indus. Ins. Sys.*, 939 F.2d 676, 677 (9th Cir.1991). The Eleventh

11  Amendment bars suits against state agencies as well as those where the state itself is named as a

12  defendant. *See Natural Resources Defense Council v. California Dep't of Transp.*, 96 F.3d 420,

13  421 (9th Cir.1996); *Brook*, 951 F.2d at 1053; *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989)

14  (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh

15  Amendment immunity); *Mitchell v. L.A. Community College Dist.*, 861 F.2d 198, 201 (9th

16  Cir.1989).  Kern Valley State Prison is part of the California Department of Corrections, a state

17  agency, and it is entitled to Eleventh Amendment immunity from suit.

### C.      Official Capacity

19          Plaintiff may not bring suit against defendants in their official capacities.  "The Eleventh

20  Amendment bars suits for money damages in federal court against a state, its agencies, and state

21  officials in their official capacities." *Aholelei v. Dept. of Public Safety*, 488 F.3d 1144, 1147 (9th

22  Cir. 2007) (citations omitted).  However, the Eleventh Amendment does not bar suits seeking

23  damages against state officials in their personal capacities. *Hafer v. Melo*, 502 U.S. 21, 30

24  (1991); *Porter v. Jones*, 319 F.3d 483, 491 (9th Cir. 2003).

25          "Personal-capacity suits . . . seek to impose individual liability upon a government officer

26  for actions taken under color of state law." *Hafer*, 502 U.S. at 25; *Suever v. Connell,* 579 F.3d

27  1047, 1060 (9th Cir. 2009).  Where a plaintiff is seeking damages against a state official and the

28  complaint is silent as to capacity, a personal capacity suit is presumed given the bar against an

official capacity suit.  *Shoshone-Bannock Tribes v. Fish & Game Comm'n*, 42 F.3d 1278, 1284 (9th Cir. 1994); *Price v. Akaka*, 928 F.2d 824, 828 (9th Cir. 1991).

### D.  Supervisory Liability

Although not named in the caption, Plaintiff appears to attribute supervisory liability to the Warden.  Plaintiff fails to state a claim.  The term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer.  *Iqbal*, 129 S. Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Id.* at 1948.  Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct.

When the named defendant holds a supervisory position, the causal link between the defendant and the claimed constitutional violation must be specifically alleged.  *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978).  To state a claim for relief under § 1983 for supervisory liability, plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor*, 880 F.2d at 1045.  Plaintiff alleges no facts that demonstrate that the Warden personally deprived Plaintiff of his constitutional rights, knew of constitutional violations and failed to act, or promulgated a policy that violated Plaintiff's constitutional rights.

### 2.  Legal Standards

In the paragraphs that follow, the court will provide Plaintiff with the legal standards that appear to apply to his claims.  Plaintiff should carefully review the standards and amend only those claims that he believes, in good faith, are cognizable.

### A.  Inmate Appeals Process

Plaintiff alleges that Defendant Lopez and the Warden failed to respond properly to his inmate appeals.  Defendants' actions in responding to Plaintiff's appeals, alone, cannot give rise

1   to any claims for relief under section 1983 for violation of due process.  "[A prison] grievance

2   procedure is a procedural right only, it does not confer any substantive right upon the inmates."

3   *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp.

4   8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty

5   interest in processing of appeals because no entitlement to a specific grievance procedure);

6   *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers

7   no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988).  "Hence, it

8   does not give rise to a protected liberty interest requiring the procedural protections envisioned

9   by the Fourteenth Amendment."  *Azeez*, 568 F. Supp. at 10; *Spencer v. Moore*, 638 F. Supp. 315,

10   316 (E.D. Mo. 1986).  Actions in reviewing a prisoner's administrative appeal cannot serve as

11   the basis for liability under a section 1983 action.  *Buckley*, 997 F.2d at 495.

12                     **B.     Conditions of Confinement**

13        Plaintiff alleges that defendants deprived him of yard time, meals, and showers.  The

14   Eighth Amendment protects prisoners from inhumane methods of punishment and from

15   inhumane conditions of confinement.  *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.

16   2006).  Extreme deprivations are required to make out a conditions of confinement claim, and

17   only those deprivations denying the minimal civilized measure of life's necessities are

18   sufficiently grave to form the basis of an Eighth Amendment violation.  *Hudson v. McMillian*,

19   503 U.S. 1, 9 (1992) (citations and quotations omitted).  In order to state a claim for violation of

20   the Eighth Amendment, the plaintiff must allege facts sufficient to support a claim that prison

21   officials knew of and disregarded a substantial risk of serious harm to the plaintiff.  *E.g.*, *Farmer

22   v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

23   Plaintiff fails to demonstrate that any of the defendants knew of and disregarded a substantial risk

24   of serious harm  to Plaintiff when depriving him of yard time, proper nutrition, arsenic-free

25   water, dust-free ventilation and showers.  Plaintiff must set forth facts identifying which

26   defendant, whether named or unknown, and his/her alleged acts or omissions that resulted in the

27   alleged violation of Plaintiff's federal rights.

28        Further, Plaintiff complains of prolonged lockdowns.  There is no outright constitutional

prohibition against "mass punishment" or "lockdown." *See, e.g., Pepperling v. Crist,* 678 F.2d 787, 789 (9th Cir.1982) (lockdown *"may* constitute a due process violation, as well as a violation of the Eighth Amendment, if [it] persist[s] too long.") (emphasis added); *Hayward v. Procunier,* 629 F.2d 599, 600-03 (9th Cir.1980) (five-month lockdown did not violate Due Process Clause or Eighth Amendment).

The extent of the lockdowns experienced by Plaintiff is not clear. Plaintiff has failed to provide sufficient facts to state a cognizable claim.

### C.    Eighth Amendment Medical Care Claim

Plaintiff alleges that defendants failed to afford him adequate medical care at KVSP. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, Plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." *Farmer*, 511 U.S. at 837.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." *Broughton v. Cutter Laboratories*, 622 F.2d 458, 460 (9th Cir. 1980) (citing *Estelle*, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or

1   treating a medical condition does not state a valid claim of medical mistreatment under the

2   Eighth Amendment.  Medical malpractice does not become a constitutional violation merely

3   because the victim is a prisoner." *Estelle*, 429 U.S. at 106.  Even gross negligence is insufficient

4   to establish deliberate indifference to serious medical needs.  *See Wood v. Housewright*, 900 F.2d

5   1332, 1334 (9th Cir. 1990).

6        Also, "[A] difference of opinion between a prisoner-patient and prison medical

7   authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662

8   F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  To prevail, Plaintiff "must show that

9   the course of treatment the doctors chose was medically unacceptable under the circumstances . .

10  . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's

11  health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  A

12  prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate

13  indifference.  *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

14       The court finds that Plaintiff's allegations state a cognizable claim for deliberate

15  indifference to Plaintiff's serious medical need against Defendant Akanno.   However, Plaintiff

16  has not alleged  facts showing that Defendant Lopez or the Warden were deliberately indifferent

17  to Plaintiff's serious medical need, or that the course of treatment given to him was medically

18  unacceptable under the circumstances.

19            **D.**      **Americans with Disabilities Act**

20       Title II of the Americans with Disabilities Act (ADA) provides that "no qualified

21  individual with a disability shall, by reason of such disability, be excluded from participation in

22  or be denied the benefits of the services, programs, or activities of a public entity, or be subject to

23  discrimination by such entity."  42 U.S.C. § 12132.  Title II of the ADA applies to inmates within

24  state prisons.  *Pennsylvania Dept. of Corrections v. Yeskey*, 524 U.S. 206, 210(1998); *see also*

25  *Armstrong v. Wilson*, 124 F.3d 1019, 1023 (9th Cir. 1997); *Duffy v. Riveland*, 98 F.3d 447, 453-

26  56 (9th Cir. 1996).

27       In order to state a claim under the ADA, plaintiff must have been "improperly excluded

28  from participation in, and denied the benefits of, a prison service, program, or activity on the

9

basis of his physical handicap." *Armstrong*, 124 F.3d at 1023.  Further, the treatment or lack of medical treatment for plaintiff's condition does not provide a basis upon which to impose liability.  *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005) (medical treatment decisions not basis for ADA claims); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1144 (10th Cir. 2005) (medical decisions not ordinarily within the scope of the ADA); *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("The ADA does not create a remedy for medical malpractice.").  Aside from the medical treatment decisions, which are not an appropriate basis upon which to predicate an ADA claim, Plaintiff alleges no facts to show that any defendant participated in, or was otherwise responsible for, excluding him from numerous activities, programs, and benefits otherwise available to him.

### E.      Court and Law Library Access

Plaintiff alleges that he is currently being denied access to the law library, persons learned in law and the court.  Inmates have a fundamental constitutional right of access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996).  The right of access is merely the right to bring to court a grievance the inmate wishes to present, and is limited to direct criminal appeals, habeas petitions, and civil rights actions.  *Id.* at 354.  The State is not required to enable the inmate to discover grievances or to litigate effectively once in court.  *Id.*

Inmates do not have the right to a law library or legal assistance.  *Id.* at 351.  Law libraries and legal assistance programs are only the means of ensuring access to the courts.  *Id.* Because inmates do not have "an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  *Id.*  Rather, an inmate claiming interference with or denial of access to the courts must show that he suffered an actual injury.  *Id.* Plaintiff has not alleged an actual injury.

### E.      Visitor & Communication Privileges

The Due Process Clause protects prisoners from being deprived of liberty without due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty

interest for which the protection is sought.  *Id.*  Liberty interests may arise from the Due Process

Clause itself or from state law.  *Hewitt v. Helms*, 459 U.S. 460, 466-68 (1983).  With respect to

liberty interests arising from state law, the existence of a liberty interest created by prison

regulations is determined by focusing on the nature of the deprivation.  *Sandin v. Conner*, 515

U.S. 472, 481-84 (1995).  Liberty interests created by prison regulations are limited to freedom

from restraint which "imposes atypical and significant hardship on the inmate in relation to the

ordinary incidents of prison life."  *Id.* at 484.  The Due Process Clause does not guarantee a right

to unfettered visitation.  *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989).  It is

unclear to what extent Plaintiff was denied visitation during his hospitalizations.  It also is

unclear whether the alleged denial resulted from prison regulations or hospital regulations.

Similarly, Plaintiff has made assertions regarding denial of telephone contact and

correspondence with his family while hospitalized.  Inmates have a First Amendment right to

telephone access, subject to reasonable security limitations, and a First Amendment right to send

and receive mail.  *See Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996); *Witherow v. Paff*, 52

F.3d 264, 265 (9th Cir. 1995).  It is unclear to what extent Plaintiff was denied telephone access

and correspondence with his family during his hospitalizations and whether prison or hospital

regulations resulted in the alleged denial.

## V.      CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff's complaint states a cognizable claim for deliberate

indifference against Defendant Akanno.  However, Plaintiff fails to state any other claims upon

which relief can be granted under § 1983 against Defendants.  Plaintiff was provided the

opportunity to amend his first amended complaint to cure the deficiencies identified or to

proceed only against Defendant Akanno.  Plaintiff chose the latter.

Accordingly, it is HEREBY RECOMMENDED that:

1.      This action proceed on Plaintiff's first amended complaint against Defendant

Jonathan Akanno for deliberate indifference in violation of the Eighth

Amendment;

2.      All other claims be dismissed with prejudice for failure to state a claim; and

11

3.      All other Defendants be dismissed from this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  **Fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **November 16, 2011**                  **/s/ Dennis L. Beck**
                                                UNITED STATES MAGISTRATE JUDGE