# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO BERREONDO,<br><br>        Plaintiff,<br><br>    v.<br><br>JONATHAN AKANNO, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. 1:11-cv-00432-LJO-DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DOC. 16) |

Plaintiff Maximo Berreondo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding against Defendant Jonathan Akanno for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

On April 28, 2011, Plaintiff filed a motion for appointment of counsel. On May 12, 2011, the United States Magistrate Judge denied Plaintiff's motion for appointment of counsel. Doc. 9. On November 3, 2011, Plaintiff filed the pending motion for reconsideration. Doc. 16. The Court construes the motion as pursuant to Rule 72(a) of the Federal Rules of Civil Procedure. The matter is submitted pursuant to Local Rule 230(l).

Under Federal Rule of Civil Procedure 72(a), when reviewing a magistrate judge's order, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A); L. R. 303. The assigned district judge may also reconsider any matter sua sponte. L.R. 303(g).

1  Under the clearly erroneous standard of review, a district court may overturn a magistrate
2  judge's ruling "'only if the district court is left with the definite and firm conviction that a
3  mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d
4  980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943
5  (7th Cir. 1997)). Under the contrary to law standard, a district court may conduct independent
6  review of purely legal determinations by a magistrate judge. *Id.*

7  Pursuant to Local Rule 303(b), "[r]ulings by Magistrate Judges pursuant to this Rule shall
8  be final if no reconsideration thereof is sought from the Court within fourteen (14) days
9  calculated from the date of service of the ruling on the parties." Plaintiff's motion for
10 reconsideration is untimely. Accordingly, it is HEREBY ORDERED that Plaintiff's motion for
11 reconsideration of the Magistrate Judge's May 21, 2011 motion is denied.
12 IT IS SO ORDERED.
13 **Dated:   May 25, 2012**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE