# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO BERREONDO,<br><br>            Plaintiff,<br><br>      v.<br><br>JONATHAN AKANNO, et al.,<br><br>            Defendants. | CASE NO. 1:11-cv-00432-LJO-DLB PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED<br><br>(ECF No. 12)<br><br>OBJECTIONS DUE WITHIN FOURTEEN DAYS |

## I.   Background

Plaintiff Maximo Berreondo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant Jonathan Akanno for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  On September 9, 2011, Plaintiff filed a motion requesting that the Court order Defendant to provide Plaintiff with a specific medical treatment.  ECF No. 12.  The Court construes the motion as one for preliminary injunction.  On June 19, 2012, Defendant filed an opposition to the motion. ECF No. 42.  The matter is submitted pursuant to Local Rule 230(l).

## II.   Preliminary Injunction

### A.   Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted).  The purpose of preliminary injunctive relief is to preserve the status quo or to prevent irreparable injury pending the resolution of the underlying claim.  *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

### B.  Lack Of Irreparable Harm

Plaintiff requests that Defendant follow Dr. Dev's, the wound specialist, recommendation for treatment of Plaintiff's wounds by using a KCI wound vacuum machine to treat Plaintiff's decubitus ulcers.[1]  Pl.'s Mot., ECF No. 12.  Plaintiff contends that the prison medical staff's use of a Prospera machine, a different machine with different dressing supplies, is below treatment standards and fails in the healing process.  *Id.*  Plaintiff contends that his wounds have become infected on two different occasions and required antibiotics.  *Id.*

Defendant contends that one of Plaintiff's decubitus ulcers has healed with use of the Prospera machine, and that negative wound pressure therapy ("NWPT") was not ordered for the other.  Def.'s Opp'n 7:13-15, ECF. No. 42; Ranson Decl. ¶ 38.  Thus, Defendant contends that Plaintiff's motion is moot because no relief can be awarded.  Def.'s Opp'n 7:13-15.

Plaintiff has failed to demonstrate irreparable harm.  Based on the declaration submitted by Ms. Ranson, Plaintiff has received treatment for his decubitus ulcers, with one ulcer having been healed and the other ulcer not requiring such treatment.  Plaintiff's harm appears to have been remedied.

### C.  Lack of Likelihood of Success on the Merits

The Prospera system used was effective in closing Plaintiff's right-trochanter pressure wound, and improving Plaintiff's left-trochanter wound to the point that the specialist did not order NPWT at this time.  Def.'s Opp'n 9:2-8; Ranson Decl. ¶¶ 33, 38.  There is no evidence that

---

[1] Paula Ranson, the Chief Nurse Executive for the California Health Care Services Corporation at Kern Valley State Prison, provided a declaration in support of Defendant's opposition.  Am. Decl., ECF No. 44.  Decubitus ulcers are ulcers caused by pressure sores. Plaintiff is a paraplegic as a result of a gunshot wound, and is confined to a wheelchair.  Ranson Decl. ¶ 5.  Plaintiff is five foot, eight inches tall, and is morbidly obese. *Id.* ¶ 4.

the KCI system was more effective in treatment.  Def.'s Opp'n 9:2-8.

Plaintiff has failed to demonstrate likelihood of success on the merits.  Based on the declaration submitted by Ms. Ranson, Plaintiff has received adequate medical treatment.  Plaintiff's complaint that Defendant Akanno did not provide the medical care recommended by Dr. Dev, the wound specialist, amounts at most to a difference of opinion between medical professionals, which fails to demonstrate a claim for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004).

### D. Lack Of Equities In Plaintiff's Favor And Relief Serving The Public Interest

Defendant contends that because Plaintiff has received medical care that was effective in treating his pressure sores, Plaintiff cannot show that the equities tip in his favor, nor demonstrate that the public interest favors injunction.  Def.'s Opp'n 9:11-15.  The Court agrees with Defendant.  As previously shown by Ms. Ranson's declaration, Plaintiff's medical treatment for his decubitus ulcers has been effective.  Thus, the equities do not tip in Plaintiff's favor, nor has Plaintiff demonstrated that the public interest favors a preliminary injunction.

### E. Lack Of Jurisdiction For Injunctive Relief

Defendant further contends that because Plaintiff is a member of the Plata class action, Plaintiff's request for injunctive relief for serious medical needs can only be obtained through the *Plata* class action.  Def.'s Opp'n 8:3-28.  A federal receiver was appointed in the *Plata* action, who has duties to provide all medical care for state prisoners at most CDCR prisons.  *Id.*  Thus,

> [i]ndividual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought where there is an existing class action because allowing them would allow interference with the ongoing class action.  *Crawford v. Bell*, 599 F.2d 890, 892-93  (9th Cir. 1979); *McNeil v. Guthrie*, 945 F.2d 1163, 1165-66 (10th Cir. 1991); *Gillespie v.  Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988) (en banc); *Jackson v. Schwarzenegger*, 357 F. Supp. 2d 1198 (C.D. Cal. 2004). Claims for equitable relief, therefore, must be made through the class representative in *Plata*.

*Id.* at 8:22-28.  Accordingly, Plaintiff cannot receive equitable relief for his serious medical needs except through the *Plata* class representative.

Defendant also contends that Defendant Akanno lacks the authority to authorize the purchase or acquisition of a KCI wound vacuum. Def.'s Opp'n 7:24-28. Defendant contends that only chief medical officer Lopez, with approval by California Health Care Services staff can obtain the device. *Id.*; Ranson Decl. ¶ 24. Thus, "[a] federal court may issue an injunction [only] if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Serv.*, 753 F.2d 719, 727 (9th Cir. 1983); *see* Fed. R. Civ. P. 65(d) (listing persons bound by injunction). Based on Defendant's representation to the Court, Defendant Akanno lacks the authority to provide the relief requested by Plaintiff, namely a KCI wound vacuum. Thus, Plaintiff's motion for preliminary injunction against Defendant Akanno would also appear to be moot.

### III.     Conclusion and Recommendation

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's motion, filed September 9, 2011 and construed as a motion for preliminary injunction, be denied.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." A party may respond to another party's objections by filing a response within fourteen (14) days from the date of service of a party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **July 18, 2012**                          /s/ Dennis L. Beck
                                                  UNITED STATES MAGISTRATE JUDGE

4