# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO BERREONDO,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JONATHAN AKANNO,<br><br>　　　　Defendant. | Case No. 1:11-cv-00432-LJO-DLB PC<br><br>**ORDER DENYING MOTION FOR EXTENSION OF TIME AS MOOT** (ECF No. 58)<br><br>**ORDER DENYING PLAINTIFF'S SECOND MOTION TO MODIFY SCHEDULE** (ECF No. 60) |

Plaintiff Maximo Berreondo ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil action pursuant to 42 U.S.C. § 1983. This action proceeds against Defendant Jonathan Akanno for deliberate indifference to a serious medical need in violation of the Eighth Amendment. On April 19, 2013, Plaintiff filed his second Motion to modify the Court's Discovery and Scheduling Order. ECF No. 60. On April 24, 2013, Defendant filed his Opposition. ECF No. 62. The matter is submitted pursuant to Local Rule 230(l).[1]

The decision to modify a scheduling order is within the broad discretion of the district court. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992) (quoting *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985)). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a pretrial scheduling order "shall not be modified except upon a showing of good cause,"

---

[1] On February 27, 2013, Plaintiff filed a motion entitled "Renewed Motion for Extension of Time Re Discovery Cut-Off Date." ECF No. 58. The Court resolved that motion on February 25, 2013. ECF No. 57. Accordingly, Plaintiff's motion is DENIED as moot.

1

and leave of court. Fed. R. Civ. P. 16(b)(4); *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087-88 (9th Cir. 2002). Although "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Johnson*, 975 F.2d at 609.

Plaintiff contends that Defendant Akanno failed to make automatic discovery as required by Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and that Defendant was deflective in his discovery responses. Pl.'s Mot. 1.

Defendant contends that Plaintiff was not diligent in making this request. Def.'s Opp'n 2:13-27. Defendant contends that Plaintiff has served extensive discovery and fails to explain why he did not use the extension of time provided by the Court.

The original discovery cut-off date in this action was December 18, 2012. Discovery and Scheduling Order, ECF No. 36. The Court modified the date to April 19, 2013 on February 25, 2013. Defendant was not ordered to provide initial discovery in this matter, and actions brought by a person without an attorney in the custody of a state are exempt from initial disclosure. Fed. R. Civ. P. 26(a)(1)(B). Plaintiff has not demonstrated diligence during discovery. Plaintiff has provided no good cause to modify the current schedule.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's Motion to modify the schedule, filed April 19, 2013, is denied.

IT IS SO ORDERED.

Dated:   **May 9, 2013**                    /s/ *Dennis L. Beck*
UNITED STATES MAGISTRATE JUDGE