# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIMO BERREONDO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JONATHAN AKANNO, et al.,<br><br>　　　　Defendants. | Case No. 1:11-cv-00432 LJO DLB PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>[ECF No. 110] |

Plaintiff is a state prisoner proceeding pro se in a civil rights action pursuant to 42 U.S.C. § 1983. On January 16, 2014, plaintiff's case was dismissed and judgment was entered. Plaintiff appealed to the Ninth Circuit Court of Appeals, and on November 30, 2015, the Ninth Circuit affirmed the District Court's decision.

On May 5, 2016, Plaintiff filed a memorandum of law in support of motion to set aside judgment.

**DISCUSSION**

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or

1 discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it
2 prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P.
3 60(b).  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest
4 injustice and is to be utilized only where extraordinary circumstances ..." exist.  Harvest v.
5 Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).  The
6 moving party "must demonstrate both injury and circumstances beyond his control...." Id.
7 (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local
8 Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed
9 to exist which did not exist or were not shown upon such prior motion, or what other grounds
10 exist for the motion."  In addition, the motion must be made in a reasonable time, "and for
11 reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date
12 of the proceeding." Fed. R. Civ. P. 60(c).
13     "A motion for reconsideration should not be granted, absent highly unusual
14 circumstances, unless the district court is presented with newly discovered evidence, committed
15 clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals,
16 Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations
17 marks and citations omitted, and "[a] party seeking reconsideration must show more than a
18 disagreement with the Court's decision, and recapitulation ..." of that which was already
19 considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d
20 1111, 1131 (E.D.Cal.2001).  To succeed, a party must set forth facts or law of a strongly
21 convincing nature to induce the court to reverse its prior decision. See Kern–Tulare Water Dist.
22 v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in*
23 *part on other grounds,* 828 F.2d 514 (9th Cir. 1987).
24     Here, Plaintiff requests that the Court reconsider the order granting summary judgment
25 because extraordinary circumstances of medical problems caused him to lack understanding of
26 law which in turn caused him to be neglectful in the presentation of his claims, gathering of
27 evidence, witness statements and research.  He claims he was housed in hospitals and treatment
28 centers which resulted in having to use the law library paging system rather than physical access

to the library. He asserts that his medical stays caused him to be denied access to persons learned in the law such as jailhouse lawyers and clerks who could have assisted him. The remainder of the motion is essentially a recapitulation of his complaint.

Plaintiff's arguments are insufficient to merit reconsideration. The circumstances Plaintiff describes are not extraordinary in that many inmates are in the same situation. The necessity of having to use the law library paging system is not novel or unreasonable, and nearly all inmates are untrained in the law. Plaintiff's inability to access jailhouse lawyers or those trained in law is also not atypical. Moreover, Plaintiff brings this motion in an untimely fashion insofar as judgment was entered on January 16, 2014.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **May 6, 2016**              /s/ Lawrence J. O'Neill  
                                       UNITED STATES CHIEF DISTRICT JUDGE